UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RASHA ALSAIDI,

                        Plaintiff,

          -against-                           **ORDER**
                                                   18 CV 05404 (ENV) (CLP)

WELLLIFE NETWORK INC.,

                        Defendant.
------------------------------------------------------------ X

**POLLAK**, United States Magistrate Judge:

      On September 26, 2018, plaintiff Rasha Alsaidi, on behalf of herself and others similarly situated, commenced this action against Welllife Network Inc. ("defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. On October 5, 2018, opt-in plaintiff Clare Wiltshire joined the lawsuit.

      On April 22, 2019, plaintiffs filed a motion to stay the statute of limitations. (Mot.[1]). Plaintiffs allege that a stay is needed so that they can "further investigate and provide accurate information" in their motion for collective action certification. (Id. at 3). By letter dated April 4, 2019, plaintiffs stated that they seek a stay of the statute of limitations from January 25, 2019, the date that this Court held an initial conference. (Ltr.[2] at 1).

      On April 29, 2019, defendant responded to the motion, arguing that no exceptional

---

[1] Citations to "Mot." refer to plaintiffs' motion to stay, filed on April 22, 2019, ECF No. 18.
[2] Citations to "Ltr." refer to plaintiffs' letter motion to adjourn the settlement conference, filed on April 4, 2019, ECF No. 16.

circumstances existed to justify tolling the statute of limitations to January 25, 2019.  (Opp.[3]).
Defendant did state, however, that it was willing to toll the statute of limitations from April 4,
2019, the date of the aforementioned letter, through May 14, 2019, the date of a settlement
conference before this Court.  (Id. at 2).

For the reasons set forth below, the Court denies plaintiffs' motion to stay.

## DISCUSSION

1. Legal Standard

Under the New York Labor Law, the statute of limitations is six years.  N.Y. Lab. Law § 198(3).  In FLSA cases, the statute of limitations is two years, or, if the violation was willful, the limitations period is three years.  29 U.S.C. § 255; see also Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 461 (E.D.N.Y. 2014).  In order to join an FLSA collective action, an employee must affirmatively "opt-in."  29 U.S.C. § 255.  The limitations period under the FLSA is not tolled until a plaintiff opts in by filing a written consent form with the court.  Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 170 (S.D.N.Y. 2014); see also Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (noting that "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled").

In this Circuit, a court may toll the limitations period in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  Zerilli–Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations omitted).  Equitable tolling is appropriate when the potential plaintiff has "actively pursued his judicial remedies by filing a defective pleading during the statutory period,

---

[3] Citations to "Opp." refer to defendant's opposition to plaintiffs' motion to stay, filed on April 29, 2019, ECF No. 19.

or where [he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Gordon v. Kaleida Health, No. 08 CV 378S, 2009 WL 3334784, at *12–13 (W.D.N.Y. Oct. 14, 2009) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L. Ed. 2d (1990)). Specifically, courts have tolled the limitations period when the employer failed to post required notices advising employees of their rights under the FLSA. Ramirez v. Rifkin, 568 F. Supp. 2d 262, 269-70 (E.D.N.Y. 2008); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007). Moreover, courts have tolled the limitations period when the parties have stipulated to toll the period. Roebuch v. Hudson Valley Farms, 239 F.Supp.2d 234, 240 n.10 (N.D.N.Y. 2002). Finally, courts have tolled the statute of limitations when "the delay of the court in ruling on the collective action motion caused claims to become time-barred." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 447-48 (E.D.N.Y. 2009) (citing Owens v. Bethlehem Mines Corp., 630 F. Supp. 309, 312-13 (S.D.W.Va. 1986)).

2. Analysis

Here, plaintiffs argue that a stay is necessary in order to prevent "great harm." (Mot. at 2). Specifically, plaintiffs contend that without a stay, the claims of potential plaintiffs would expire; as a result, the Court would face a "multiplicity of duplicative suits." (Id.) Plaintiffs request a tolling of the statute of limitations so that they can continue to investigate and so that the Court can "set deadlines to advance the disposition of a collective action." (Id. at 2, 3).

Plaintiffs' arguments do not present exceptional circumstances that warrant tolling the limitations period, as required by the case law of this Circuit. See Boykin v. KeyCorp, 521 F.3d 202, 211 n.10 (2d Cir. 2008). Plaintiffs provide no evidence that defendant misled its employees in order to prevent potential plaintiffs from learning of their right to overtime compensation. Gordon v. Kaleida Health, 2009 WL 3334784, at *12-13 (denying the motion to toll the statute

3

of limitations when plaintiffs failed to allege that "a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours"). One plaintiff, Clare Wiltshire, has already opted in to the lawsuit, and plaintiffs do not explain why other potential plaintiffs are unable to do so in a timely manner. While plaintiffs allege that defendant failed to provide proper wage notices at the time of their hire, plaintiffs do not allege that defendant also failed to post the legally required notice that advises employees of their right to earn minimum wage and overtime compensation.

Moreover, as defendant points out, plaintiffs have not yet moved for conditional certification of a collective action, and thus any potential delay of the Court in ruling on such a motion is not at issue. (Opp. at 2). Therefore, the Court finds that there is no legal or factual basis on which to grant the stay, as conclusory assertions of harm will not suffice.

The Court notes, however, that defendant has offered to toll the statute of limitations from April 4, 2019 through May 14, 2019. (Id.) Accordingly, the Court directs the parties to meet and confer and reach an agreement on this issue in accordance with this Order.

## CONCLUSION

In light of the foregoing, the motion to stay is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 16, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

4